# In the United States Court of Federal Claims

Case No. 06-732C
(Filed: November 1, 2006)

| | |
|---|---|
| BROWN & PIPKINS, LLC, doing business as Acsential Services, *Plaintiff*, | |
| v. | |
| THE UNITED STATES OF AMERICA, *Defendant,* | |

## ORDER

On October 30, 2006, the Court held a telephonic preliminary status conference in order to address scheduling and other matters related to this bid protest case.

As a preliminary matter, the Court advised the parties of its prior association with the Department of the Army, the procuring agency in this matter. Neither party questioned the impartiality of the undersigned judge, nor did they desire to pursue a challenge.

The parties next discussed potential intervenors in this action. Government counsel represented that he had notified the Georgia Department of Labor State Licensing Agency (SLA), the successful bidder and only potential intervenor in this bid protest; the SLA expressed no desire to participate in the status conference or seek to intervene in this matter.

In turning to the Plaintiff's motion for a temporary restraining order, the Court questioned the need for immediate injunctive relief, given the fact that the challenged procurement contract was not scheduled to commence

until December 1, 2006. Plaintiff pointed to the Army's intention to permit the SLA to make on-site visits and prepare for contract performance as early as November 1, 2006. However, Counsel for the Defendant conceded that this most preliminary on-site preparation in no way strengthened the Government's case against the requested injunctive relief. Both parties agreed that the TRO was unnecessary at this juncture.

Furthermore, the day after the status conference counsel advised the Court that the Army had extended the contract with the incumbent contractor two additional months (the contract had already been extended once during a GAO bid protest on this same claim), until February 1, 2007. In light of these developments, the parties agreed to the following schedule for adjudicating the merits of this case, which we hereby adopt:

- November 8, 2006 – Filing of the Administrative Record
- November 21, 2006 – Plaintiff's Motion for Judgment upon the Administrative Record/ Supplemental Motion for Injunctive Relief
- December 14, 2006 – Defendant's Cross-Motion/Opposition
- December 29, 2006 – Plaintiff's Reply/Opposition
- January 10, 2007 – Defendant's Reply on its Cross-Motion
- January 12, 2007 – Consolidated Statement of Facts

The Court will hear oral arguments on the motions at 10 a.m. on January 18, 2007. Counsel shall appear in person.

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge