**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION**<br>**FILE NO. 06-732C** |
| **v.** | ) | **Judge Lawrence M. Baskir** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER NUNC PRO TUNC**

## I. Statement of Material Facts

Brown & Pipkins, LLC, doing business as Acsential Services ("B&P"), submitted a proposal to the United States Department of the Army ("United States") in response to Solicitation No. W911SE-05-R-0013 dated February 22, 2006 ("Solicitation") for full food services at Fort Gordon, Georgia which is the Solicitation underlying the issues in dispute in this case. A copy of B&P's Proposal To Perform dated April 6, 2006 is found at Tabs 8 and 9 to the Administrative Records, pages 000267 to 000893, inclusive, submitted by the United States on November 8, 2006. That information includes B&P's technical proposal and cost proposal. B&P was not aware that a copy of its proposal and cost proposal would be submitted

as a portion of the Administrative Record until it received a copy of those documents on November 9, 2006. B&P had believed pursuant to prior conference call with the Court and counsel for the United States that its proposal would not be included in the Administrative Record.

B&P's proposal contains proprietary and confidential information of B&P which B&P believes should not be subject to disclosure. As a result of B&P's protest in the above-referenced case, the Solicitation process is ongoing and exposure of B&P's information to other potential or actual proposers would place B&P at a competitive disadvantage particularly in light of the fact that B&P apparently submitted the lowest proposed price submitted in response to the Solicitation. While B&P has set out its total proposed price in prior filings with the Court, it has not set out the basis for the calculation of that total proposal which is proprietary information of B&P. Those calculations underlying the total proposed price are confidential and proprietary to B&P and those working with B&P in submitting its proposal. That information is not disclosed to potential or actual competitors.

The technical information contained in B&P's proposal is unique to B&P's determination of how to perform food services work at Fort Gordon. That technical information includes confidential and proprietary information

on how B&P would staff the project and includes information concerning B&P's management approach, quality control procedures and employee biographies which is not information disclosed to possible or actual competitors. That technical information was also integral to B&P's pricing because the technical approaches of B&P helped to determine B&P's costs. Disclosure of the technical information to competitors would severely adversely affect B&P's competitive position.

These facts are supported by the affidavit of Deidre F. Brown, managing member of B&P, which is attached hereto at Exhibit A and which is incorporated herein by reference.

## II. <u>Argument and Discussion of Authority</u>

Courts have recognized that commercial or financial information obtained from a bidder or contractor may be considered as protected and not subject to disclosure where the disclosure of the information could cause competitive harm. "Commercial information" is generally that which is related to commerce. *American Airlines, Inc. v. National Mediation Board*, 588 F.2d 863, 870 (2nd Cir. 1978). Commercial information is generally confidential if it is not normally disclosed to the public and "disclosure of the information is likely to . . . impair the Government's ability to obtain necessary information in the future" or to "cause substantial harm

to the competitive position of the person from whom the information was obtained." *National Park & Conservation Assn. v. Morton*, 498 F.2d 765, 767, 770 (D.C. Cir. 1974).

Courts have recognized that the release of confidential information included in technical proposals (such as information providing methods and procedures as well as biographical information of the bidder's employees) would jeopardize the competitive position of the bidder and hinder the ability of the Government to obtain similar information in the future. *See Audio Technical Services, Ltd. v. Department of the Army*, F. Supp.779, 782 (E.D. 1979). The release of technical information has been held to adversely affect bidders who provide that information because the information is unique to that bidder and competitors seeking such information will gain an unfair competitive advantage. *See Golf & Western Industries v. U.S.*, 615 F.2d 527 (D.C. 1980). Additionally, disclosure of that technical information could also prejudice the government. *See Orion Research, Inc. v. EPA*, 615 F.2d 551 (1st Cir. 1980).

In light of these authorities and the facts of this case, B&P believes that the disclosure of its technical proposal and underlying pricing information would provide an unfair competitive advantage to other

possible or actual proposers for the full food services at Fort Gordon if that information was not subject to a protective order in this case.

## III. <u>Conclusion</u>

Therefore, B&P respectfully requests that the Court issue a Protective Order nunc pro tunc effective from November 8, 2006 providing that the Proposal To Perform of B&P dated April 6, 2006 found at Tabs 8 and 9, respectively, pages 000267 to 000893, inclusive, of the Administrative Record submitted by the United States on November 8, 2006 be designated as protected and precluded from disclosure to anyone other than Court personnel, counsel for the parties to this action, the persons preparing B&P's Proposal To Perform, and the Army personnel who reviewed that Proposal To Perform information as part of the Solicitation process.

DATED this 14th day of November, 2006.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

By s/ James W. Copeland
James W. Copeland
(Georgia Bar No. 186780)
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

**OF COUNSEL:**

S. Gregory Joy (Georgia Bar No. 405495)
**SMITH, CURRIE & HANCOCK, LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC, doing business as Acsential Services

**CERTIFICATE OF SERVICE**

I hereby certify that the Protective Order and Memorandum in Support therefore is being electronically filed with the Clerk of Court this 14th day of November, 2006 using the CM/ECF system which will send e-mail notification of such electronic filing to the following counsel of record for defendant: Kenneth David Woodrow, Esquire

By s/ James W. Copeland
James W. Copeland
(Georgia Bar No. 186780)

SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia 30303-1227
Phone: (404) 521-3800
Facsimile: (404) 688-0671