**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **CIVIL ACTION**<br>**FILE NO. 06-732C**<br><br>**Judge Lawrence M. Baskir** |

## PROTECTIVE ORDER NUNC PRO TUNC

The court has determined that certain information prepared by Plaintiff Brown & Pipkins, LLC, doing business as Acsential Services (hereinafter "B&P") found at Tabs 8 and 9, pages 000267 to 000893 of the Administrative Record ("Protected Information") submitted by the Defendant to the court that may necessarily be disclosed orally or in writing during this action may be competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable. (The total proposal price submitted by B&P of $35,045,235.00 in response to Department of the Army Solicitation No. No. W911SE-05-R-0013 shall not be deemed Protected Information.) To address these concerns, it is ordered that the Protected Information,

1. The Protected Information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

   (a) Except as provided in paragraphs 1(c) and (d), the only persons who may be given access to protected information are (1) Court personnel, (2) legal

counsel for the parties to this action, (3) the persons preparing B&P's Proposal To Perform, (4) the Army personnel who reviewed B&P's Proposal To Perform information as part of the Solicitation process, and (5) independent consultants and experts assisting legal counsel for the parties in connection with the litigation.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an expert consultant or witness, execute a copy of the Application for Access to Information Under Protective Order by an Expert Consultant or Witness (Attachment 1 hereto). The party seeking to have such consultant or witness granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

(c) Associates, paralegal, clerical and administrative support personnel assisting any counsel to this action may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court, procuring agency, Department of Justice personnel, and counsel for Plaintiff James W.

Copeland and S. Gregory Joy are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

2. The Protected Information may be provided only to the court and to individuals authorized by this Protective Order, and any copies of Protected Information filed after the date of this Order must be in a sealed parcel containing the legend "PROTECTED INFORMATION ENCLOSED" conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

   (a) After the date of this Protective Order the first page of each document filed after the date of this Order containing Protected Information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order**

   (b) Any courtesy copies of protected information that are filed with the court after the date of this Protective Order for use by the judge should be marked as such.

   (c) The court will maintain copies of the protected pleadings or Protected Information under seal.

3. A party that files a pleading in accordance with paragraph 2 hereof may serve upon each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper righthand corner of the first page.

   (a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide

each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy - May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party.

(b) Any party at any time may serve upon the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the court or of any document produced or generated in discovery whether or not filed with the court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

4. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves this matter, the disputed information shall be treated as protected.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of Protected Information and pleadings, the party shall refrain from releasing the documents to anyone not admitted under this Protective Order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this Protective Order.

6. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the Protected Information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

7. Within sixty (60) days after the conclusion of this action (including any and all appeals and remands), counsel for Defendant shall (i) destroy all Protected Information and certify in writing to all parties that such destruction has occurred and/or (ii) return the Protected Information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

8. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

9. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

10. If a party determines that a previously produced document inadvertently was not identified as containing Protected Information after the two-day period discussed in paragraph 5 above, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

11. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing

party(ies). Upon discovery of any breach, plaintiff's, or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

12. This Protective Order shall be deemed effective *nunc pro tunc* as of November 8, 2006.

__________________________

Judge Lawrence M. Baskir

**Attachment 1**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,** | ) | |
| **doing business as** | ) | |
| **ACSENTIAL SERVICES,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. 06-732C** |
| | ) | |
| **v.** | ) | **Judge Lawrence M. Baskir** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

1. I, the undersigned, am a ____________________ with ______________________ and hereby apply for access to protected information covered by the protective order issued in connection with this proceeding.

2. I have been retained by __________________________ and will, under the direction and control of ____________________________, assist in the representation of __________________________in this proceeding.

3. I hereby certify that I am not involved in competitive decision making as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning, or

participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advance.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I, my spouse, nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5. I have attached the following information:
   a. a current resume describing my education and employment experience to date;
   b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;
   c. a list of all clients for whom I have performed work within the two years prior to the date of this application and for whom the use of protected information could provide a competitive advantage and a brief description of the work performed;
   d. a statement of the services I am expected to perform in connection with this proceeding;
   e. a description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this proceeding or whose protected information will be reviewed; if none, I have so stated;
   f. a list identifying by name of forum, case number, date and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked or been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and
   g. a list of the professional associations to which I belong, including my identification numbers.

6. I have read a copy of the protective order issued by the court in this proceeding. I will comply in all respects with all terms and conditions of that

order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the protective order by the court.

7. For a period of two years after the date this application is granted, I will not engage nor assist in the preparation of a proposal to be submitted to any agency of the United States Government for ____________________ when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor or teaming member.

8. For a period of two years after the date this application is granted, I will not engage nor assist in the preparation of a proposal or submission to_____________ nor will I have any personal involvement in any such activity.

9. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth
above (including attached statements) are true and correct.

______________________________
Date Executed

______________________________
Signature

______________________________
Typed Name and Title

______________________________
Telephone Number

______________________________
Fax Number

______________________________
Date Executed

______________________________
Signature of Attorney of Record

______________________________
Typed Name and Title

______________________________
Telephone Number

______________________________
Fax Number