**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **CIVIL ACTION**<br>**FILE NO. 06-732C**<br><br>**Judge Lawrence M. Baskir** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE VERIFIED AMENDED COMPLAINT**
**(Motion for Leave is Consented to by Defendant)**

## I. STATEMENT OF RELEVANT FACTS

Brown & Pipkins, LLC, doing business as Acsential Services ("B&P"), Plaintiff in the above-styled action, filed the above-styled action on October 27, 2006, submitting a Verified Complaint and a motion for injunctive relief, declaratory relief and mandamus and supporting memorandum. In its Verified Complaint, B&P sought: a temporary restraining order and permanent injunction to prevent award of the food services contract at Ft. Gordon, Georgia subject to Army Solicitation No. W911SE-05-R-0013 ("Solicitation") to any proposer other than B&P; declaratory relief finding that any Army contract issued pursuant to the Solicitation to anyone other

than B&P is void and declaring that the contract pursuant to the Solicitation is to be awarded to B&P; and a writ of mandamus directing Defendants to award any contract issued pursuant to the Solicitation to B&P; and such other relief as the Court deemed appropriate.

After the filing of the Complaint, the Government agreed to extend the incumbent contractor's food services contract to allow time for the Court to consider this protest. This alleviated the need for a temporary restraining order at that time.

In November 2006, the Government produced the Administrative Record which provided information for the first time to B&P that indicated to B&P that: (a) that the Army failed to ensure that the State Licensing Agency ("SLA") cafeteria services would be performed by a blind vendor and instead seeks to award the contract to an SLA whose work would be operated by a non-blind vendor, and (b) that the SLA's proposal did not provide proper responses to many of the Solicitation pricing requirements. B&P wants to amend the Complaint to reflect that temporary injunctive relief is not necessary at this time and to address the new issues that B&P believes support its protest after review of the Administrative Record. A copy of the proposed Amended Complaint is accompanies this Memorandum and Motion at Exhibit 1.

Counsel for B&P has discussed this Motion with counsel for Defendant and counsel for Defendant has indicated that Defendant does not object to leave for B&P to file the proposed Verified Amended Complaint while Defendant reserves its defenses to B&P's claims.

## II. ARGUMENT AND DISCUSSION OF AUTHORITY

A pleading may be amended pursuant to Rule 15(a) of this Court more than 20 days after it was served if there is written consent of the adverse party or by leave of court.

Counsel for the Government has consented to leave to amend while the Government reserves its defenses to an Amended Complaint.

Moreover, amendment should be liberally allowed where there is no prejudice to the opposing party and there has not been undue delay. The Rules instruct that "leave [to amend] shall be freely given when justice so requires." RCFC 15(a). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis,* 371 U.S. 178, 182 (1962); System Fuels, Inc. v. United States, 73 Fed. Cl. 206, 210-11 (2006).

In this case, there has not been any undue delay, bad faith or dilatory motive regarding the proposed amendment. The withdrawal of the request for a temporary restraining order is the result of the agreement of the parties after discussions with the Court in November 2006. The addition of allegation regarding the role of the non-blind vendor in performing the SLA's proposed work and the asserted lack of required information in the SLA's proposal first came to B&P's attention after the Administrative Record as produced by the Government in November 2006, and these issues were raised by B&P in its Memorandum in Support of its Motion for Summary Judgment on the Administrative Record filed November 21, 2006. Therefore, these issues have been presented to the Court and the Government since November 21, which was filed within 10 days of the Government's submission of the Administrative Record. Therefore, B&P's assertion of these allegations and issues in this case has not been delayed.

Also, there would not be any prejudice to the Government because: (1) the withdrawal of the temporary restraining order count benefits the Government; and (2) B&P has asserted (a) that the Army failed to ensure that the State Licensing Agency ("SLA") cafeteria services would be performed by a blind vendor and instead seeks to award the contract to an SLA whose work would be operated by a non-blind vendor, and (b) that the

SLA's proposal did not provide proper responses to many of the Solicitation pricing requirements in its Motion For Summary Judgment On The Administrative Record filed within 10 days of the Government's production of the submission of the Administrative Record. The Government has addressed those issues in its Memorandum filed December 14, 2006 so there is no surprise or prejudice to the Defendant from the Amended Complaint. The amendment will merely bring the Complaint into conformance with the issues previously presented to the Court and the relief presently requested by B&P.

## III. CONCLUSION

In light of the foregoing facts and authorities, B&P respectfully requests that the Court grant leave for B&P to file a Verified Amended Complaint in the form attached hereto at Exhibit 1.

DATED this 3rd day of January, 2007.

**SMITH, CURRIE & HANCOCK LLP**

By s/ James W. Copeland
James W. Copeland (GA Bar No. 186780)
By s/ S. Gregory Joy
S. Gregory Joy (GA Bar No. 405495)
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC, doing business as Acsential Services

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE VERIFED AMENDED COMPLAINT and the supporting MEMORANDUM are being electronically filed with the Clerk of Court this 3rd day of January, 2007 using the CM/ECF system which will send e-mail notification of such electronic filing to the following counsel of record for defendant: Kenneth David Woodrow, Esquire

By s/ S. Gregory Joy
S. Gregory Joy
(Georgia Bar No. 186780)

SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia 30303-1227
Phone: (404) 521-3800
Facsimile: (404) 688-0671