IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| BROWN & PIPKINS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-732 |
| | ) | |
| THE UNITED STATES, | ) | (Judge Baskir) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO STRIKE AFFIDAVIT AND ACCOMPANYING DOCUMENTS ATTACHED TO PLAINTIFF'S RESPONSE MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

Pursuant to Rule 7 of the Rules of the Court of Federal Claims ("RCFC"), Defendant, the United States, respectfully requests that the Court strike Attachment A, the affidavit of Ms. Deirdre Brown (“Brown affidavit”), and Attachment A-1, a solicitation for food services at Andrews Air Force Base, Maryland ("Air Force solicitation"), to Brown & Pipkins, LLC’s (“B&P) Response Memorandum In Opposition To Defendant's Motion For Judgment Upon The Administrative Record and Reply Memorandum in Support of Plaintiff's Motion for Judgment upon the Administrative Record/Supplemental Motion for Declaratory Relief and Mandamus. The Brown affidavit and the accompanying Air Force solicitation should be stricken because they are not part of the

administrative record and are not relevant to the Court's analysis.

Additionally, we respectfully request that the Court strike those portions of B&P's brief that rely upon the statements made in the affidavits.

## ARGUMENT

### I. The Affidavits Are Not Part Of The Administrative Record

In this case, the agency action at issue concerns the decision of the Department of the Army ("Army") to award a contract for full food services at Fort Gordon, Georgia pursuant to Solicitation No. W911SE-05-R-0013 ("solicitation"). The affidavit of Deirdre Brown and the accompanying Air Force solicitation were not submitted at the agency level prior to the Army's decision to award the contract and are not connected in any way with the agency's procurement decision. Indeed, because the Air Force solicitation is dated December 28, 2006, it could not have been considered in the Army's procurement decision. As a result, the affidavit and Air Force solicitation are not part of the administrative record and should be stricken. See Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 154 (1997) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.") (quoting Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29,

50 (1983)) (emphasis added).

Although the Court has allowed supplementation of the administrative record when “gaps” in the record preclude the Court from determining whether the agency followed a rational process, e.g., Input/Output Tech., Inc. v. United States, 44 Fed. Cl. 65, 69 n.4 (1999), here, the affidavit and Air Force solicitation do not purport to supplement any gap in the administrative record that would preclude effective review. Cf. North Carolina Div. of Services For Blind v. United States, 53 Fed. Cl. 147, 158 (2002) (allowing affidavit filed by plaintiffs based upon a finding that it relevant and would assist in judicial review because it "shed[] light on information contained in the administrative record, but not adequately explained elsewhere.").

Here, the Brown affidavit and the Air Force solicitation purportedly support B&P's argument that the SLA's proposed price was unreasonable. The affidavit and the accompanying Air Force solicitation contain no information regarding events occurring prior to the award of the contract, nor do they discuss the Army’s decision-making process. It is settled that the Court is limited to the evidence that was before the agency at the time the decision was made. See Nevada Land Action Assoc. v. United States

Forest Serv., 8 F.3d 713, 718 (9th Cir. 1993)); also Lions Raisins, Inc. v. United States, 51 Fed. Cl. 238, 246-47 (2001); Tech Systems, Inc. v. United States, 50 Fed. Cl. 216, 222 (2001) (explaining basis for summary judgment on the administrative record).

Finally, even if the Court were to conclude that there are gaps in the administrative record that preclude judicial review, the proper course is to supplement the record with affidavits from agency personnel explaining their decision. See Camp v. Pitts, 411 U.S. 138, 142 43 (1973) ("If . . . there was such failure to explain administrative action as to frustrate effective judicial review, the remedy was . . . to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary."). The Brown affidavit and the Air Force solicitation attached to B&P's response motion shed no light upon the agency's decision-making process. Accordingly, supplementation of the record with the Brown affidavit and the Air Force solicitation would be inappropriate.

## II. The Information Contained In The Affidavit And Attached Solicitation Is Not Relevant

The Court also should strike the Brown affidavit and Air Force solicitation because the information they contain is not relevant to the

Court's inquiry regarding whether the Government acted arbitrarily and capriciously in awarding the full food services contract to the Georgia SLA. The fact that the Air Force issued a solicitation on December 28, 2006, containing language similar to that set forth in the Department of Defense's August 2006 Randolph-Sheppard Act policy (see Exhibit 1 to Defendant's Reply To Plaintiff's Response To Defendant's Motion For Judgment Upon The Administrative Record), has nothing to do with the procurement decision made by the contracting officer on July 25, 2006. Although B&P does not clearly articulate its reasoning, it appears that the purpose of the Brown affidavit is to lay a foundation for the Court to consider the December 28, 2006 Air Force solicitation. Because the Air Force solicitation is not relevant, the Brown affidavit is equally irrelevant and the information it contains has absolutely no bearing on the Agency's July 25, 2006 procurement decision. Therefore, the Brown affidavit and the Air Force solicitation should be stricken. Likewise, those portions of B&P's brief relying upon the affidavit and the Air Force solicitation should be stricken. See, e.g., Pl. Br. at 12 - 13 (alleging that the SLA's proposal could not fall within a reasonable competitive range).

Finally, it should be noted that B&P did not move to supplement the

administrative record with either the Brown affidavit or the accompanying Air Force solicitation. Paragraph 24 of Appendix C to the Court's rules requires any supplementation of the administrative record to be made pursuant either to an agreement by the parties or by order of the Court. B&P did not confer with counsel for the Government nor move to supplement the record.

## CONCLUSION

Accordingly, the Court should strike the Brown affidavit and the Air Force solicitation in their entirety as well as those portions of B&P's brief relying upon these documents.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

OF COUNSEL:

CHRISTOPHER L. KRAFCHEK
CPT, JA
Contract & Fiscal Law Division
Trial Attorney, Team III
901 N. Stuart Street, Suite 500
Arlington, VA 22203
Phone: 703-696-2804
Fax: 703-696-1535

January 10, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 10th day of January 2007, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE AFFIDAVIT AND ACCOMPANYING DOCUMENTS ATTACHED TO PLAINTIFF'S RESPONSE MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kenneth D. Woodrow