IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| BROWN & PIPKINS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-732 |
| THE UNITED STATES, | ) | (Judge Baskir) |
| Defendant. | ) | |

**MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIDAVIT AND EXHIBIT**

Brown & Pipkins, LLC, doing business as Acsential Services ("B&P") hereby opposes the Government's Motion To Strike the affidavit Of Deidre Brown and an exhibit attached to that affidavit which were filed as Exhibit A and A-1, respectively, in the Appendix to B&P's Response Memorandum in Opposition to Defendant's Cross-Motion for Judgment upon the Administrative Record and Reply Memorandum in Support of Plaintiff's Motion for Judgment Upon the Administrative Record filed December 29, 2006. The contested documents should be allowed as they address issues relevant to this matter and elucidate the administrative record.

## I. STATEMENT OF RELEVANT FACTS

B&P filed this action on October 27, 2006 seeking injunctive relief. In its Verified Complaint (Administrative Record ("AR") Tab 29, pages 1044-55) and

the Memorandum in Support of its Motion for Injunctive Relief (AR Tab 28, pages 1018-1043), B&P maintained that it was entitled to injunctive relief because it would suffer irreparable harm. In its initial Memorandum in Support of its Motion for Injunctive Relief (AR Tab 28, pages 1032-33), B&P argued that the Army's failure to follow the required competitive range analysis for the food service contract at Fort Gordon of the opportunity to have its proposal fully and equally considered which, by itself, satisfies the standard for irreparable harm. See also Plaintiff's Memorandum In Support of Motion for Judgment Upon the Administrative Record/Supplemental Motion for Permanent Injunction, Declaratory Relief and Mandamus filed November 21, 2006, pages 29-31 and Plaintiff's Response Memorandum In Opposition to Defendant's Motion for Judgment Upon the Administrative Record and Reply Memorandum in Support of Plaintiff's Motion for Judgment Upon the Administrative Record filed December 29, 2006, page 23).

In response to B&P's Motion for Judgment Upon the Administrative Record and in support of its own Motion for Judgment on the Administrative Record, the Government argued that B&P had not made any showing "about B&P's gross revenues and the percentage of those revenues that this contract represents or whether B&P would be substantially damaged by the failure to

receive these contracts." (Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Judgment Upon the Administrative Record, page 39).

To counter the Government's Cross-Motion and in further support of its own Motion for Summary Judgment, B&P submitted the affidavit of Deidre Brown in which she stated that B&P's proposal for the Fort Gordon food services contract included profit of over $1.6 million and that B&P would suffer significant hardship in losing the opportunity to earn that profit. Ms. Brown also testified that B&P does not presently have another contract to replace the lost profits associated with the Project. (Exhibit A to B&P's December 29, 2006 Response Memorandum in Opposition to Defendant's Motion for Judgment Upon the Administrative Record). This portion of Ms. Brown's affidavit specifically addressed the contention by the Government in its Cross-Motion that B&P had not presented any evidence of monetary damages to support a claim of irreparable harm.

Ms. Brown's affidavit also referred to a solicitation that B&P had recently received from the Department of the Air Force regarding cafeteria services at Andrews Air Force Base in Maryland. A copy of a portion of that solicitation was attached to the affidavit as Exhibit A-1 and incorporated into the affidavit.

The solicitation information was provided to support B&P's position that the Department of Defense has recognized that an award should not be made under the Randolph-Sheppard Act ("RSA") if the State Licensing Agency's ("SLA") proposal exceeds the offer that represents the best value (as determined by the Contracting Officer after applying the source selection criteria contained in the solicitation) " by more than five percent of that offer or $1 million, whichever is less, over all performance periods required by the solicitation." (See Exhibit A-1 to the Brown affidavit).

The Andrews Air Force Base solicitation simply demonstrates that the Department of Defense agencies are applying the standard set forth in the August 29, 2006 Joint Report to Congress from the Department of Defense, Department of Education and Committee for Purchase from People who are Blind or are Severally Disabled, a copy of which is attached at Exhibit B to B&P's December 29, 2006 Response Memorandum in Opposition to Defendant's Cross-Motion for Judgment Upon the Administrative Record. The Joint Report shows that the Government agencies (specifically the Department of Defense) have recognized that it is inappropriate to award a contract to an SLA where the difference in pricing exceeds another technically acceptable proposal offering best value to the Government by more than five percent or a

$1 million whichever is less. The Joint Report is directly applicable to this case because the SLA's price is over 16% (and perhaps over 19%) more than B&P's price. The Government has not objected to the filing of a copy of the Joint Report.

B&P provided this information as further support for its position that the price difference of more than 16% (and perhaps over 19%) between B&P's and the SLA's price proposals is excessive and should have resulted in the determination that the SLA's proposal was not within a reasonable competitive range. B&P has asserted this argument since its initial submissions in this case. (See AR Tab 28, pages 1027-1030 and AR Tab 29, pages 1050, 1052).

## II. ARGUMENT AND CITATION OF AUTHORITY

The Government argues that the Brown affidavit and the solicitation excerpt for the food services contract at Andrews Air Force Base Air Force should be excluded because that information is not relevant and was "not submitted at the agency level prior to the Army's decision to award the contract and are not connected in any way with the agency's procurement decision." See Defendant's Motion to Exclude, page 2. While it is true that "under its pre-award bid protest jurisdiction, the Court of Federal Claims generally limit[s] its review to the facts before the administrative agency at the

time the contested action was taken", this approach is not absolute. There is no "iron-clad rule automatically limiting [the Court's] review to the administrative record." *Graphicdata, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997). Indeed, "while a disappointed bidder does not have the right to have a federal court substitute its judgment for that of the administrative agency, the bidder does have the right to introduce appropriate evidence to allow the court to determine whether the agency action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id*.

As noted by this Court in *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 349 (1997):

> [T]he primary focus of the court's review should be the materials that were before the agency when it made its final decision. This is a presumption necessitated by the limited nature of the court's inquiry. As a practical matter, however, in most bid protests, the "administrative record" is something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review. This is true in the contract award context if for no other reason than that, due to the absence of a formal record, the agency has to exercise some judgment in furnishing the court with the relevant documents. In order to preserve a meaningful judicial review, the parties must be able to suggest the need for other evidence, and possibly limited discovery, aimed at determining, for example, whether other materials were considered, or whether the record provides an adequate explanation to the protester or the court as to the basis of the agency action. It follows that discovery as well as the breadth of the court's review has to be tailored in each case. Whether testimony is needed to frame the issues is likewise dependent on the particular circumstances.

> Consequently, this court has adopted a flexible approach both in putting together the evidence that will be considered and in discovery, balancing the limited nature of the court's review with the competing need to recognize potential exceptions to treating the agency's submission as the four corners of the inquiry.

As such, there are several recognized instances when the Court is permitted to supplement the administrative record. These instances include: (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. *Esch v. Yeutter*, 876 F.2d 976 (D.C.Cir.1989)*;Myers Investigative and Sec. Servs., Inc. v. United States,* 47 Fed.Cl. 288, 294 (2000)*; Graphicdata*, 37 Fed. Cl. at 779. Extra-record affidavits relevant to issues in dispute that assist in the judicial review process by shedding light on information contained in the

administrative record should be allowed. *North Carolina Division of Services for the Blind v. United States,* 53 Fed. Cl. 147,158 (2002).

Furthermore, B&P believes that it has the right to submit the affidavit to rebut a summary judgment motion as recognized under RCFC 56. Additionally, the Special Procedures Order filed November 1, 2006, paragraph 6, in this case recognizes that a party may file an appendix with its brief containing documents and exhibits relied upon for the submission. Therefore, the Court's rules and procedures recognize that such exhibits may be filed to address relevant issues in the case. As discussed below, the Brown affidavit and the Andrews Air Force Base solicitation exhibit submitted by B&P directly address issues raised in the Government's Cross-Motion. Therefore, it is appropriate for the Court to allow the filing of the challenged exhibits and not strike those documents.

The Government's Motion to Exclude should be denied because the affidavit and attachment address issues directly relevant to this matter and help elucidate information in the administrative record. The testimony contained in the affidavit of Deidre Brown is directly relevant to the requested relief at issue. B&P seeks permanent injunctive relief. The Government contended in its Cross-Motion that B&P could not satisfy the irreparable harm

criteria for injunctive relief because there was no showing of financial hardship to B&P. The affidavit specifically states that B&P would incur significant hardship and irreparable harm of over $1.6 million if the requested relief is not granted.[1] Accordingly, the affidavit of Ms. Brown should be considered by this Court as it is directly relevant to B&P's request for a permanent injunction, which is an issue that was not addressed at the agency level.

With respect to the solicitation excerpt for the food services contract at Andrews Air Force, that document was included to demonstrate that the agency's decision in this case is at odds with the direction provided by the Department of Defense in the Joint Report submitted to Congress. In this report, which is included by B&P as an exhibit with no objection from the Government, the Department of Defense recognized that an award should not be made to an SLA under the Randolph-Sheppard Act ("RSA") if the SLA's proposal exceeds the offer that represents the best value by more than five percent or $1,000,000. The solicitation excerpt demonstrates the applicability of this standard to federal food service contracts and shows that the Department of Defense agencies are implementing this standard in their

---

1 It is important to note that B&P also contends that the denial of the opportunity to have one's proposal fully and equally considered demonstrates irreparable harm justifying an injunction. *Great Lakes Dredge & Dock Co. v. United States*, 60 Fed. Cl. 350, 370 (2004); *Georgia Gazette Pub. Co. v. U.S.*

solicitations. Consideration of this document, therefore, is appropriate as it is relevant to the issues in dispute and assists in the judicial review of this matter because it sheds light on information contained in the administrative record. *North Carolina Division of Services for the Blind, supra*, 53 Fed. Cl. at 158.

## III. CONCLUSION

For the foregoing reasons, B&P respectfully request that Defendant's Motion to Strike Affidavit and Accompanying Documents Attached to Plaintiff's Response Motion for Judgment Upon the Administrative Record be denied.

DATED this 15th day of January, 2007.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

By s/ James W. Copeland
James W. Copeland (GA Bar No. 186780)

By s/ S. Gregory Joy
S. Gregory Joy (GA Bar No. 405495)
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC, doing business as Acsential Services

---

*Dep't of Defense*, 562 F.Supp. 1004, 1010 (S.D. Ga 1993).

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIDAVIT AND EXHIBIT are being electronically filed with the Clerk of Court this 15th day of January, 2007 using the CM/ECF system which will send e-mail notification of such electronic filing to the following counsel of record for defendant: Kenneth David Woodrow, Esquire

By s/ S. Gregory Joy
S. Gregory Joy
(Georgia Bar No. 186780)

SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia 30303-1227
Phone: (404) 521-3800
Facsimile: (404) 688-0671