IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| BROWN & PIPKINS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-732 |
| THE UNITED STATES, | ) | (Judge Baskir) |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF FILING**
**OF AFFIDAVIT OF FRANKLIN R. HULSEY**

Pursuant to the Court's instructions at oral argument on January 18, 2007, defendant, the United States, respectfully provides notice of the filing of the Affidavit Of Franklin R. Hulsey. Consistent with the Court's instructions, we offer this affidavit as a part of the Court's record of the case, not as a supplement to the Administrative Record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

OF COUNSEL:

CHRISTOPHER L. KRAFCHEK
CPT, JA
Contract & Fiscal Law Division
Trial Attorney, Team III
901 N. Stuart Street, Suite 500
Arlington, VA 22203
Phone: 703-696-2804
Fax: 703-696-1535

January 23, 2007

Attorneys for Defendant

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BROWN & PIPKINS, LLC,<br>Doing business as<br>ACSENTIAL SERVICES,<br><br>Plaintiff,<br><br>v.<br>THE UNITED STATES,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 06-732C<br><br>Judge Lawrence M. Baskir |

## AFFIDAVIT OF FRANKLIN R. HULSEY

Franklin Hulsey deposes and states:

1. My name is Franklin R. Hulsey. I am over the age of 18 and am competent to testify. This Affidavit is based on my personal knowledge.

2. I am a licensed blind manager in Georgia's Randolph-Sheppard program. I have participated in the program since 1962. I also serve as the Finance Chairman of the Georgia Committee of Blind Vendors, an organization created by the Randolph-Sheppard Act to represent the interests of all licensed blind managers in the state.

3. I have always been, and will continue to be, an active manager in all of my Randolph-Sheppard businesses. With the exception of illnesses, vacations, and the like, I am usually present and working at my

business on weekdays and available after hours and on weekends, if needed.

4. I have also obtained training in food service management. I have a ServSafe Food Safety Manager Certificate. ServSafe is a nationally recognized training and accreditation system run by the National Restaurant Association. I first obtained this certification in 1995 and have taken all required classes to keep my certification current.

5. Fort Gordon will be the third large cafeteria contract that I have managed.

6. I previously operated the cafeteria at the Atlanta Federal Center, serving about 1600 patrons each day.

7. I currently operate the cafeterias at Robins Air Force Base (Robins AFB) in Warner Robins, Georgia. I manage three cafeterias serving a total of 1400 patrons.

8. I actively manage the business at Robins AFB. I inspect each of the three cafeterias (usually daily) to ensure that they are clean and running efficiently. I supervise the manager of each cafeteria to ensure that the cafeteria is satisfactorily operated in general and that staff is scheduled appropriately, given the number of meals expected to be served on each

shift. I review all accounting and bookkeeping and all invoices that are submitted to the Air Force.

9. In many government contracts, payment is received several months after invoices are submitted. I do not personally have the financial means to pay employees or cover other costs inherent in operating a military cafeteria while awaiting payment from the government. To ensure that financial barriers do not prevent me from obtaining these types of contracts, I need to partner with a commercial food service company.

10. At Robins AFB, I partner with Blackstone Consulting, Inc. Blackstone Consulting operates a number of military cafeterias across the county, and I draw on the company's expertise as needed. Blackstone Consulting does not operate the Robins AFB cafeterias.

11. For payroll purposes, Blackstone Consulting employs most of the staff because it has the financial wherewithal to meet the cafeteria's payroll obligations even when there is a delay in receiving payments from the Air Force. Despite this, I am involved in all hiring and firing decisions, and I am responsible for the overall supervision of all employees.

12. If the Air Force has any concerns about the Robins AFB cafeterias, those concerns are brought to my attention for resolution, not to Blackstone Consulting.

13. The Robins AFB cafeterias won the 2006 Gold Plate Award for the best dining facility within the Command. The base has also been nominated for the 2007 Hennessy Award, an award given to the best dining facility in the Air Force.

14. On or about November 2004, I was selected as the blind manager who would bid for and operate the cafeterias at Fort Gordon, Georgia.

15. With the advice of the Georgia Department of Labor, I chose a teaming partner to assist in responding to any solicitation Fort Gordon might issue and to offer on-going support.

16. The Department of Labor sent a Request for Information to several commercial food service companies. After interested companies submitted written proposals, an ad hoc panel interviewed and evaluated the companies. I was a part of that ad hoc panel.

17. One of the potential teaming partners was Ronlyn Corporation, the incumbent contractor at Fort Gordon. It is my understanding that Ronlyn obtained the Fort Gordon contract under the 8(a) small business program, but has graduated from the program and is no longer eligible to bid on 8(a) contracts.

18. I and other members of the ad hoc panel had several concerns with Ronlyn's proposal to serve as teaming partner, especially regarding Ronlyn's proposal for profit-sharing. Other applicants' proposals were substantially more advantageous to me. When asked about this during the interview, Ronlyn's representative stated that the panel should just tell Ronlyn how much money the blind manager was supposed to make, it did not matter to Ronlyn because the company would just add this cost onto the contract proposal and "pass it along" to the Army.

19. I was disturbed by this statement because it indicated to me that Ronlyn did not want me to be an active part of administering the contract, but merely saw me as an "overhead expense" to be paid in exchange for obtaining the benefit of the Randolph-Sheppard priority. I intend to actively manage the Fort Gordon cafeterias and did not want to find myself marginalized by my teaming partner.

20. After considering the proposals and the opinions of the other members of the ad hoc panel, I selected Blackstone Consulting as my teaming partner for Fort Gordon. The Department of Labor did not object to my selection, and we began preparations to bid for the Fort Gordon cafeteria contract.

21. I have formed a joint venture with Blackstone Consulting called H&B, LLC, and I will operate the Fort Gordon cafeterias through this company. I am the majority owner of H&B and am entitled to the majority of the profits. I will be on-site at Fort Gordon and will actively manage the cafeterias in much the same way I currently manage the Robins AFB cafeterias.

22. Until it receives its first payment under the contract, H&B has few assets. All of the employees at Ft. Gordon will be employees of H&B, LLC. As is the case at Robins AFB, Blackstone Consulting will assist with initial start up capital to ensure that payroll obligations are met while awaiting payment from the Army. I have been or will be involved in all hiring decisions and will supervise the staff.

23. I attended the pre-bid site visit at Fort Gordon and was actively involved in preparing the response to the solicitation.

24. It is my understanding that after Ronlyn was not selected as my teaming partner, it formed a joint venture with Brown & Pipkins, LLC, an 8(a) certified contractor, so that Ronlyn can continue operating the Fort Gordon cafeterias even though it is not eligible to bid for the contract in its own name.

25. When the Department of Labor was awarded the Fort Gordon contract, I purchased a home in Augusta, Georgia and moved there to begin preparations to take over the Fort Gordon cafeterias. Another blind manager was to be assigned to operate the cafeterias as Robins AFB.

26. Because this, latest, lawsuit, delayed performance of the contract, I am still operating the Robins cafeterias so that I have a source of income while this matter is pending. I am forced to commute approximately 150 miles to Robins AFB, a substantial hardship for me and my family.

I solemnly declare under penalty of perjury that the contents of the foregoing are correct.

Franklin R Hulsey

Franklin R. Hulsey

As to: Franklin R. Hulsey
who signed before me
Dec. 14, 2006.
Michelle W. Clark

MICHELLE W. CLARK
NOTARY PUBLIC
COLUMBIA COUNTY, GEORGIA

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of January, 2007, a copy of the foregoing "DEFENDANT'S NOTICE OF FILING OF AFFIDAVIT OF FRANKLIN R. HULSEY " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kenneth D. Woodrow