**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **CIVIL ACTION**<br>**FILE NO. 06-732C**<br><br>**Judge Lawrence M. Baskir** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDMENT OF JANUARY 29, 2007 ORDER/OPINION CONCERNING (1) DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DEIDRE BROWN AND ACCOMPANYING DOCUMENT AND (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Brown & Pipkins, LLC, doing business as Acsential Services ("B&P") hereby respectfully requests that the Court reconsider and amend its Order /Opinion dated January 29, 2007 with regard to the statement on page 16 of that Order/Opinion which states that the Court granted the Government's Motion to Strike Plaintiff's Exhibits (filed January 10, 2007) without any limitations. B&P requests that the Court revise its Order because the Motion To Strike requested that the affidavit of Deidre Brown be struck in its entirety. The Motion To Strike also requested that Exhibit A-1 to that affidavit, a copy of a solicitation for food services at Andrews Air Force

Base, Maryland also be struck. At the hearing on January 18, 2007, the Government agreed that paragraphs 1 through 4 of the affidavit of Deidre Brown did not need to be struck but that Exhibit A-1, the Andrews Air Force Base solicitation, and paragraph 5 of the affidavit of Deidre Brown referencing Exhibit A-1 should be struck. The Court ruled verbally on January 18, 2007 from the bench that the portions of the affidavit of Deidre Brown other than paragraph 5 would not be struck and that only paragraph 5 and Exhibit A-1, the Andrews Air Force Base solicitation, would be struck. This is reflected on pages 12-13 of the Order/Opinion.

While B&P believes the Court's verbal ruling on January 18, 2007 was clear in light of the Government's agreement and the Court's statements on January 18, 2007, B&P respectfully requests that the Court modify page 16 of its January 29, 2007 Order/Opinion to provide that paragraphs 1 through 4 of the affidavit of Deidre Brown attached to B&P's December 29, 2006 Response Memorandum which was subject to the original Motion To Strike is not struck from the record so that the written record will accurately reflect the Court's verbal direction on January 18, 2007.

Additionally, B&P respectfully requests that the Court reconsider and amend its Order/Opinion to reflect that it granted B&P's unopposed Motion

For Leave To File The Amended Verified Complaint (Docket #20) which the Court indicated it was granting at the January 18, 2007 hearing. As a result of that ruling, B&P filed the Amended Verified Complaint on January 19, 2007. (Docket #27) Again, B&P believes the Court's verbal ruling on January 18, 2007 regarding leave to file the Amended Verified Complaint was clear, but B&P would like to have that ruling reflected in the written record.

Reconsideration and amendment is appropriate for both of the bases for this Motion under Court of Federal Claims Rules 59(a) and (e). That rule allows reconsideration and amendment where the motion is filed within 10 days of the entry of judgment and "for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States. " Here, the Motion for Reconsideration and Amendment is filed within eight days of the entry of the Judgment (six business days) and nine days (seven business days) of the entry of the Order/Opinion. The basis for the Motion is subject to applicable law and equity because B&P is requesting that the Court reconsider and amend its Order/Opinion and Judgment to reflect what the Court stated at the January 18, 2007 hearing.

Therefore, B&P respectfully requests that the Court reconsider and amend page 16 of its Order/Opinion and final Judgment to reflect that: (1) only Exhibit A-1 to the affidavit of Deidre Brown attached to B&P's response memorandum filed December 29, 2006, (Docket # 18) and the reference to A-1 in paragraph 5 of the affidavit of Deidre Brown are struck and that the remainder of Deidre Brown's affidavit is not struck as agreed by counsel for the Government at the January 18, 2007 hearing; and (2) B&P's Motion For Leave To File The Amended Verified Complaint is granted which the Court indicated it was granting at the January 18, 2007 hearing.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

By s/James W. Copeland
James W. Copeland
Georgia Bar No. 186780

By s/S. Gregory Joy
S. Gregory Joy
Georgia Bar No. 405495
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC,
doing business as Acsential Services

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Motion for Stay or Injunction Pending Appeal and the MOTION FOR RECONSIDERATION AND AMENDMENT OF JANUARY 29, 2007 ORDER/OPINION CONCERNING (1) DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DEIDRE BROWN AND ACCOMPANYING DOCUMENT AND (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT is being electronically filed with the Clerk of Court this 7th day of February, 2007 using the CM/ECF system which will send e-mail notification of such electronic filing to the following counsel of record for defendant: Kenneth David Woodrow, Esquire

By s/S. Gregory Joy
S. Gregory Joy
Georgia Bar No. 405495