**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION**<br>**FILE NO. 06-732C** |
| **v.** | ) | **Judge Lawrence M. Baskir** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF JANUARY 29, 2007 ORDER/OPINION REGARDING CROSS-MOTIONS FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND JANUARY 30, 2007 JUDGMENT**

Comes now Plaintiff Brown & Pipkins, LLC, doing business as Acsential Services ("B&P"), pursuant to the Court of Federal Claims Rule 59(a), and respectfully requests that the Court reconsider its January 29, 2007 Order/Opinion and its January 30, 2007 Judgment for the reasons set forth below and in the accompanying Memorandum.

(B&P will also be filing a Motion pursuant to RCFC 62(c) requesting that the Court issue an order to stay, enjoin and/or restrain the Government from proceeding with performance of a full food services contract at Fort Gordon, Georgia pursuant to the Solicitation No. W911SE-05-R-0013 ("Solicitation") with any contractor other than B&P while the Court addresses this Motion For Reconsideration. That Motion also requests that,

if the Court decides not to reconsider its Order/Opinion and the Judgment, that the Court issue an Order to stay, enjoin and/or restrain the Government from proceeding with performance of the Fort Gordon food services contract pursuant to the Solicitation until the Court of Appeals for the Federal Circuit has had an opportunity to rule on an appeal of this Court's January 29, 2007 Order/Opinion and January 30, 2007 Judgment. B&P understands that the State Licensing Agency ("SLA") is scheduled to begin providing food services at Fort Gordon on March 1, 2007. Therefore, B&P requests that the Court issue a stay, injunction and/or temporary retraining order on an expedited basis to allow this Curt to reconsider its prior decision and, f necessary, for the Court of Appeals for the Federal Circuit to rule on B&P's appeal. B&P requests an expedited ruling on these Motions given the March 1 start date for the new contract.)

In support of this Motion, B&P shows the following:

1. B&P believes that the Court should reconsider its January 29, 2007 Order/Opinion and January 30, 2007 Judgment to grant the injunctive, declaratory and mandamus relief requested by B&P previously. B&P believes that reconsideration of the Order/Opinion and Judgment is appropriate for the reasons discussed in item 2(a) – (e) below and due to

the reasons and legal authorities discussed in Memorandum in Support of this Motion.

2. Reconsideration is appropriate because:

(a) applicable DOE regulations (34 CFR 395.33) require a competitive range analysis, and the Department of Defense regulations (DOD Directive 1125.3), and Army Regulations (Army Regulation 210-25) require the contracting officer in evaluating proposals subject to the Randolph-Sheppard Act ("RSA") to establish a competitive range and to determine that the State Licensing Agency's ("SLA") proposal is within that competitive range prior to awarding the contract to the SLA. See *Kentucky v. United States*, 62 Fed. Cl. 445 (2004), *aff'd*, 424 F.3d 1222 (Fed. Cir. 2005); *Department of the Air Force – reconsideration*, 72 Comp. Gen. 241 (June 4, 1993), citing *Randolph – Sheppard Vendors of America v. Weinberger*, 602 F. Supp. 1007 (D.D.C. 1985), *judgment vacated on other grounds*, 795 F.2d 90 (D.C. Cir. 1986) and *Randolph – Sheppard Vendors,* 628 F.2d 1364 (D.C. Cir. 1980); and

(b) the Army undisputedly did not establish a competitive range, perform a competitive range analysis or determine that the proposal of the Georgia SLA (the Georgia Department of Labor Business Enterprise Program) was with in the competitive range.

(c) Additionally, the Army could not have reasonably found that the Georgia SLA's proposal fell within a reasonable competitive range because that proposal exceeded B&P's technically acceptable proposal by more than 16 percent and perhaps as much as 19.25%, and it is appropriate to find that an SLA's bid that is materially higher than other bidders is properly excluded from competitive range consideration See, e.g., Federal Register, vol. 62, No. 145, Pages 40509-40510, Arbitration Panel Decision Under Randolph-Sheppard Act in *Mississippi Dep't of Rehabilitative Services vs. United States Dept of Defense*; Department of Defense, Department of Education and the Committee For Purchase From People Who Are Blind Or Severely Disabled Joint Report to Congress under Section 848 Of The National Defense Authorization Act For Fiscal Year 2006: Application of the Javits-Wagner-O'Day Act and the Randolph-Sheppard Act to the Operation and Management of Military Dining Facilities Contracts (August 29, 2006).

(d) Army Regulation 210-25(4)(c)(4) provides that the Army "will . . . [e]nsure that operators are in fact State licensed blind persons and that sighted employees and assistants are utilized only to the extent reasonably necessary" as part of the bidding and contracting process. B&P believes

that the Court should reconsider its finding that this regulation does not apply to the Army's procurement process.

(e) B&P believes that the Court should reconsider its finding that the Army did not recognize that the SLA's proposed work would be operated by Blackstone Consulting, Inc., a non-blind entity.

3. Plaintiff is filing with this Motion a separate Memorandum in support of this Motion which is incorporated herein.

WHEREFORE, respectfully requests that the Court reconsider its January 29, 2007 Order/Opinion and its January 30, 2007 Judgment.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

By s/James W. Copeland
James W. Copeland
Georgia Bar No. 186780

By s/S. Gregory Joy
S. Gregory Joy
Georgia Bar No. 405495
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC,
doing business as Acsential Services