# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **CIVIL ACTION**<br>**FILE NO. 06-732C**<br><br>**Judge Lawrence M. Baskir** |

## PLAINTIFF'S MOTION FOR STAY, INJUNCTION AND/OR RESTRAINING ORDER PENDING DECISION ON MOTION FOR RECONSIDERATION OF JANUARY 29, 2007 ORDER/OPINION REGARDING CROSS-MOTIONS FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND JANUARY 30, 2007 JUDGMENT, AND PENDING RESOLUTION OF APPEAL

COMES NOW Plaintiff Brown & Pipkins, LLC, doing business as Acsential Services ("B&P") and respectfully requests that the Court issue an order to stay, enjoin and/or restrain the Government (specifically the Department of the Army, the Secretary of Defense, the Secretary of the Army, and the Contracting Officers, and their successors) from proceeding with performance of a full food services contract at Fort Gordon, Georgia pursuant to the Solicitation No. W911SE-05-R-0013 ("Solicitation") with any contractor other than B&P while the Court addresses B&P's Motion For Reconsideration of January 29, 2007 Order/Opinion Regarding Cross-

Motions For Judgment Upon The Administrative Record And January 30, 2007 Judgment. B&P believes such a stay, injunction, and/or restraining order would be appropriate pursuant to RCFC 65 and/or 62(b).

If the Court decides not to reconsider its Order/Opinion and the Judgment, B&P requests that the Court extend any stay, injunction and/or restraining order it may have already entered regarding this Motion to prevent the Government from proceeding with performance of the Fort Gordon food services contract pursuant to the Solicitation until the Court of Appeals for the Federal Circuit has had an opportunity to rule on an appeal of this Court's January 29, 2007 Order/Opinion and January 30, 2007 Judgment, or issue an Order to stay, enjoin and/or restrain the Government from proceeding with performance of the Fort Gordon food services contract pursuant to the Solicitation until the Court of Appeals for the Federal Circuit has had an opportunity to rule on an appeal of this Court's January 29, 2007 Order/Opinion and January 30, 2007 Judgment. B&P believes that such a stay, injunction or restraining order would be appropriate pursuant to RCFC 62(c).

B&P understands that the State Licensing Agency ("SLA") is scheduled to begin providing food services at Fort Gordon on March 1, 2007 pursuant to the Solicitation. Therefore, B&P requests that the Court

issue a stay, injunction and/or temporary retraining order on an expedited basis to allow this Court to reconsider its prior decision and, if necessary, for the Court of Appeals for the Federal Circuit to rule on B&P's appeal. B&P requests an expedited ruling on these Motions given the March 1 start date for the new contract.

B&P requests that the Court rule of this Motion on an expedited basis given the March 1, 2007 scheduled start date for the new contract.

In support of this Motion, B&P shows the following:

1. B&P believes that the Court should grant a stay, injunction and/or restraining order to preserve the status quo while this Court addresses B&P's Motion for Reconsideration on the merits of its claims or, if the Court decides not to reconsider its decision, while the Court of Appeals addresses an appeal of the merits of this case for the reasons discussed in item 2(a) – (e) below and due to the reasons and legal authorities discussed in Memorandum in Support of this Motion.

2. B&P can demonstrate a "strong showing" or a "substantial case" for reconsideration or for prevailing on appeal because:

(a) applicable Department of Education provisions (34 CFR § 395.33) require a competitive range analysis, and the Department of Defense regulations (DOD Directive 1125.3), and Army Regulations (Army

Regulation 210-25) require the contracting officer in evaluating proposals subject to the Randolph-Sheppard Act ("RSA") to establish a competitive range and to determine that the State Licensing Agency's ("SLA") proposal is within that competitive range prior to awarding the contract to the SLA. See *Kentucky v. United States*, 62 Fed. Cl. 445 (2004), *aff'd*, 424 F.3d 1222 (Fed. Cir. 2005); *Department of the Air Force – reconsideration*, 72 Comp. Gen. 241 (June 4, 1993), citing *Randolph – Sheppard Vendors of America v. Weinberger*, 602 F. Supp. 1007 (D.D.C. 1985), *judgment vacated on other grounds*, 795 F.2d 90 (D.C. Cir. 1986) and *Randolph – Sheppard Vendors,* 628 F.2d 1364 (D.C. Cir. 1980); and

(b) the Army undisputedly did not establish a competitive range, perform a competitive range analysis or determine that the proposal of the Georgia SLA (the Georgia Department of Labor Business Enterprise Program) was with in the competitive range.

(c) Additionally, the Army could not have reasonably found that the Georgia SLA's proposal fell within a reasonable competitive range because that proposal exceeded B&P's technically acceptable proposal by more than 16 percent and perhaps as much as 19.25%, and it is appropriate to find that an SLA's bid that is materially higher than other bidders is properly excluded from competitive range consideration See, e.g., Federal

Register, vol. 62, No. 145, Pages 40509-40510, Arbitration Panel Decision Under Randolph-Sheppard Act in *Mississippi Dep't of Rehabilitative Services vs. United States Dept of Defense*; Department of Defense, Department of Education and the Committee For Purchase From People Who Are Blind Or Severely Disabled Joint Report to Congress under Section 848 Of The National Defense Authorization Act For Fiscal Year 2006: Application of the Javits-Wagner-O'Day Act and the Randolph-Sheppard Act to the Operation and Management of Military Dining Facilities Contracts (August 29, 2006).

(d) Army Regulation 210-25(4)(c)(4) provides that the Army "will . . . [e]nsure that operators are in fact State licensed blind persons and that sighted employees and assistants are utilized only to the extent reasonably necessary" as part of the bidding and contracting process. B&P believes that the Court erred when it held that this regulation does not apply to the Army's procurement process.

(e) B&P believes that the Court erred in finding that the Army did not recognize that the SLA's proposed work would be operated by Blackstone Consulting, Inc., a non-blind entity.

3. Plaintiff will be irreparably injured if the Court does not issue an injunction shortly because B&P will be prevented from having its proposal

fully and fairly considered and from obtaining a contract to which it is entitled and preventing its ability to obtain profits in excess of $1.6 million as testified to by Deidre Brown in Exhibit A to B&P's December 29, 2006 Response Memorandum (Docket #18) if the Court of Federal Claims January 29, 2007 Order and January 30, 2007 Judgment are in error.

4. The issuance of an injunction will not result in any substantial injury to the other parties interested in this case because the contract for those services can proceed if the appeal is denied, and if the Court of Federal Claims' prior decision is reversed then a contract with an entity other than B&P should not have proceeded.

5. The public interest will not be prejudiced by the issuance of an injunction pending appeal because Fort Gordon would still have cafeteria food services under the incumbent contractor's contract.

6. The Army has extended the incumbent contract for food services at Fort Gordon to end February 28, 2007. If the Court needs several weeks to reconsider its decision then it is very possible that the reconsideration could extend up to or after March 1, 2007. If the Court denies the Motion For Reconsideration then it is unlikely that an appeal of this case would conclude by March 1, 2008.

7. Plaintiff is filing with this Motion a separate Memorandum in support of this Motion which is incorporated herein.

WHEREFORE, B&P respectfully requests that the Court issue, on an expedited basis, an order to stay, enjoin and/or restrain the Government (specifically the Department of the Army, the Secretary of Defense, the Secretary of the Army, and the Contracting Officers, and their successors) from proceeding with performance of a full food services contract at Fort Gordon, Georgia pursuant to the Solicitation No. W911SE-05-R-0013 ("Solicitation") with any contractor other than B&P while the Court addresses B&P's Motion For Reconsideration of January 29, 2007 Order/Opinion Regarding Cross-Motions For Judgment Upon The Administrative Record And January 30, 2007 Judgment.

If the Court decides not to reconsider its Order/Opinion and the Judgment, B&P requests that the Court extend any stay, injunction and/or restraining order it may have already entered regarding this Motion to prevent the Government from proceeding with performance of the Fort Gordon food services contract pursuant to the Solicitation until the Court of Appeals for the Federal Circuit has had an opportunity to rule on an appeal of this Court's January 29, 2007 Order/Opinion and January 30, 2007 Judgment, or issue an Order to stay, enjoin and/or restrain the Government

from proceeding with performance of the Fort Gordon food services contract pursuant to the Solicitation until the Court of Appeals for the Federal Circuit has had an opportunity to rule on an appeal of this Court's January 29, 2007 Order/Opinion and January 30, 2007 Judgment.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

By s/James W. Copeland
James W. Copeland
Georgia Bar No. 186780

By s/S. Gregory Joy
S. Gregory Joy
Georgia Bar No. 405495
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC,
doing business as Acsential Services