# In the United States Court of Federal Claims

Case No. 06-732C
(Filed: February 14, 2007)

*********************************************
BROWN & PIPKINS, LLC, *
doing business as Acsential Services, *
*Plaintiff*, *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant,* *
*
*
*********************************************

## ORDER

On February 8, 2007, the Plaintiff filed three motions: (1) a motion for reconsideration of this Court's January 29, 2007 Opinion granting judgment on the administrative record in favor of the Defendant; (2) a motion to amend the Opinion to reflect the Court's earlier rulings on Defendant's motion to strike and Plaintiff's motion to file an amended complaint; and (3) a motion for a stay, injunction and/or restraining order pending the decision on the reconsideration, or pending resolution of a potential appeal in this matter. **We DENY each of Plaintiff's motions**.

First, the Plaintiff moves for reconsideration of the denial of its motion for judgment on the administrative record, pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC). The Rule is intended to correct a manifest error of law or mistake of fact. *Franconia Assocs. v. United States*, 44 Fed. Cl. 315, 316 (1999) (citing *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993)). It is not merely another vehicle available for "an unhappy litigant ... to sway the court." *Cane Tenn, Inc. v. United States*, 62 Fed. Cl. 703, 705 (2004).

Brown & Pipkens has failed to demonstrate an intervening change in controlling law, the availability of previously unavailable evidence, or that the motion is needed to prevent manifest injustice. *See Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 301 (1999) (citing *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004). In the brief accompanying its motion, the Plaintiff does no more than reiterate arguments that it previously made in briefing on the cross-motions for judgment on the administrative record. Furthermore, the Plaintiff's papers fail to establish new *binding* authority demonstrating that this Court wrongly decided the issues. The citation of *Kentucky v. United States*, 62 Fed. Cl. 445 (2004)

does not qualify as newly decided precedent. Moreover, it is a case decided on jurisdictional grounds and involving an entirely different source selection scheme.

The Plaintiff's arguments are the same arguments presented and rejected in the Court's January 18 bench ruling and in the January 29 Opinion formalizing that ruling. **Its motion for reconsideration is, therefore, DENIED.**

In anticipation of the appeal, Plaintiff seeks an advance ruling on an as yet unripe RCFC 62(c) motion. That Rule states:

> *When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction*, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

RCFC 62 (c) (emphasis added). **The motion is premature and is DENIED without prejudice.**

As for the final motion, which involved some minor amendments to reflect previous rulings on nondispositive motions, we find the record is clear without the need for formal amendment under RCFC 59. **Accordingly, the Plaintiff's motion for reconsideration and amendment of the January 29, 2007 Opinion is hereby DENIED.**

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge