# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **BROWN & PIPKINS, LLC,**<br>**doing business as**<br>**ACSENTIAL SERVICES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br>**FILE NO. 06-732C**<br><br>**Judge Lawrence M. Baskir** |

## PLAINTIFF'S MOTION FOR STAY, INJUNCTION AND/OR RESTRAINING ORDER DURING THE PENDENCY OF APPEAL

Brown & Pipkins, LLC, doing business as Acsential Services ("B&P"), pursuant to RCFC 62(c), respectfully requests that the Court issue an order to stay, enjoin and/or restrain the Government (specifically the Department of the Army, the Secretary of Defense, the Secretary of the Army, and the Contracting Officers, and their successors) from proceeding with performance of a full food services contract at Fort Gordon, Georgia ("Project") pursuant to Solicitation No. W911SE-05-R-0013 ("Solicitation") with any contractor other than B&P during the pendency of B&P's appeal to the Court of Appeals for the Federal Circuit from this Court's January 29, 2007 Order/Opinion, January 30, 2007 Judgment, and February 14, 2007 Order denying B&P's Motions For Reconsideration.

B&P understands that Army is scheduled to proceed on March 1, 2007 with the State Licensing Agency ("SLA") providing food services at Fort Gordon pursuant to the Solicitation. Therefore, B&P requests that the Court issue a stay, injunction and/or restraining order on an expedited basis to maintain the status quo and allow the Court of Appeals time to rule on B&P's appeal before a new contract begins.

B&P understands that the State Licensing Agency ("SLA") is scheduled to begin providing food services at Fort Gordon on March 1, 2007 pursuant to the Solicitation. Therefore, B&P requests that the Court issue a stay, injunction and/or restraining order on an expedited basis to allow the Court of Appeals for the Federal Circuit time to rule on B&P's appeal before a new food services contract at Fort Gordon proceeds.

In support of this Motion, B&P shows the following:

1. B&P filed this bid protest case on October 27, 2006, seeking: (a) a temporary restraining order and permanent injunction restraining Defendant and its agencies, officers, servants, employees, and agents from proceeding with performance of a new contract for the Fort Gordon Project pursuant to the Solicitation by anyone other than B&P; as well as (b) declaratory relief; and (c) a writ of mandamus directing Defendant to award any contract issued pursuant to the Solicitation to B&P.

2. The Government agreed during a conference call with the Court on October 30, 2006 that the Army would not proceed with performance pursuant to the Solicitation pending the resolution of this bid protest case. The Army has extended the incumbent contract for food services at Fort Gordon to end February 28, 2007. It is unlikely that an appeal of this case would conclude by March 1, 2007.

3. Following briefing and oral argument, the Court issued a ruling orally on January 18, 2007, entered by written Order/Opinion of January 29, 2007, denying B&P's Motion for Judgment on the Administrative Record and granting Defendant's Cross-Motion. On January 30, 2007, the Clerk entered a final Judgment in accord with the Court's Order/Opinion.

4. B&P filed Motions on February 7 and 8, 2007 requesting the Court to reconsider its Order/Opinion and/or Judgment. The Court denied those Motions on February 14, 2007. B&P included with its February 8, 2007 Motion for Reconsideration a Motion for Stay, Injunction And/or Restraining Order Pending Resolution Of Appeal which this Court denied without prejudice as premature.

5. B&P filed a Notice of Appeal with this Court on February 15, 2007. A copy of the Notice of Appeal stamped "filed" February 15, 2007 accompanies this Motion and the supporting Memorandum at Exhibit 1.

6. B&P believes that the Court should grant a stay, injunction and/or restraining order to preserve the status quo while the Court of Appeals addresses an appeal of the merits of this case for the reasons discussed in items 7 and 8 below and due to the reasons and legal authorities discussed in the Memorandum in Support of this Motion.

7. B&P can demonstrate a “strong showing” or a “substantial case” for prevailing on appeal because:

(a) applicable Department of Education regulations (34 CFR § 395.33) require a competitive range analysis, and the Department of Defense regulations (DOD Directive 1125.3), and Army Regulations (Army Regulation 210-25) require the contracting officer in evaluating proposals subject to the Randolph-Sheppard Act (“RSA”) to establish a competitive range and to determine that the State Licensing Agency’s (“SLA”) proposal is within that competitive range prior to awarding the contract to the SLA;

(b) the Army undisputedly did not establish a competitive range, perform a competitive range analysis or determine that the proposal of the Georgia SLA (the Georgia Department of Labor Business Enterprise Program) was with in the competitive range; and

(c) the Army could not have reasonably found that the Georgia SLA’s proposal fell within a reasonable competitive range because that

proposal exceeded B&P's technically acceptable proposal by more than 16 percent and perhaps as much as 19.25%, and it is appropriate to find that an SLA's bid that is materially higher than other bidders is properly excluded from competitive range consideration.

8. B&P also believes it can demonstrate a "strong showing" or a "substantial case" for prevailing on appeal because:

(a) Army Regulation 210-25(4)(c)(4) provides that the Army "will . . . [e]nsure that operators are in fact State licensed blind persons and that sighted employees and assistants are utilized only to the extent reasonably necessary" as part of the bidding and contracting process. B&P believes that the Court erred when it held that this regulation does not apply to the Army's procurement process; and

(b) B&P believes that the Court erred in finding that the Army did not recognize that the SLA's proposed work would be operated by Blackstone Consulting, Inc., a non-blind entity.

9. Plaintiff will be irreparably injured if the Court does not issue an injunction shortly because B&P will be prevented from having its proposal fully and fairly considered and from obtaining a contract to which it is entitled and preventing its ability to obtain profits in excess of $1.6 million (see Deidre Brown affidavit at Exhibit A to B&P's December 29, 2006

Response Memorandum (Docket #18)) if the Court of Federal Claims January 29, 2007 Order and January 30, 2007 Judgment are in error.

10. The issuance of an injunction will not result in any substantial injury to the other parties interested in this case because the contract for those services can proceed if the appeal is denied, and if the Court of Federal Claims' prior decision is reversed then a contract with an entity other than B&P should not have proceeded.

11. The public interest will not be prejudiced by the issuance of an injunction pending appeal because Fort Gordon would still have cafeteria food services under the incumbent contractor's contract.

12. B&P is filing with this Motion a separate Memorandum in support of this Motion which is incorporated herein.

WHEREFORE, B&P respectfully requests that the Court issue an order on an expedited basis to stay, enjoin and/or restrain the Government (specifically the Department of the Army, the Secretary of Defense, the Secretary of the Army, and the Contracting Officers, and their successors) from proceeding with performance of a full food services contract at Fort Gordon, Georgia pursuant to the Solicitation with any contractor other than B&P during the pendency of B&P's appeal to the Court of Appeals for the Federal Circuit from this Court's January 29, 2007 Order/Opinion, January

30, 2007 Judgment, and February 14, 2007 Order denying B&P's Motions For Reconsideration.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

By s/James W. Copeland
James W. Copeland
Georgia Bar No. 186780

By s/S. Gregory Joy
S. Gregory Joy
Georgia Bar No. 405495
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone (404) 521-3800
Facsimile (404) 688-0671

Attorneys for Brown & Pipkins, LLC,
doing business as Acsential Services